IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| American Equipment Company, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:06-3568-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| A&L Underground, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on A&L Underground, Inc.'s ("A&L Underground") motion to dismiss American Equipment Company, Inc.'s ("AMECO") complaint for insufficient process and service of process, and for enforcement of mandatory arbitration. After review, the court denies the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

During 2005, Alex Lowe ("Lowe") contacted AMECO regarding the furnishing of certain heavy construction-related equipment, tools, and supplies to A&L Underground for use by A&L Underground on the PIJV Tigris River Crossing & HDD Tie-ins Project, located in Al Fatha, Iraq. (Compl. ¶ 9.) Over the next few months, AMECO provided multiple written proposals to A&L Underground setting forth lists of available equipment and supplies, along with proposed terms and conditions, pursuant to which it offered to provide such equipment, tools, and supplies to A&L Underground. (Id. ¶ 10.) According to AMECO, during July 2005, AMECO and A&L Underground executed Purchase/Rental Order Agreement No. 743779-40065 ("Purchase Order"). (Pl.'s Mem. Opp'n Mot. Dismiss 2.)

1

Pursuant to the Purchase Order, AMECO alleges that A&L Underground agreed to rent and purchase certain equipment and incidental tools and supplies from AMECO. (Id. 2.) Additionally, AMECO alleges that at the time it was executed, there were no attachments to the Purchase Order, and that five subsequent attachments were added to the Purchase Order. (Id. 2-3.) AMECO alleges that A&L Underground breached its obligations under the Purchase Order.

On November 17, 2006, AMECO filed suit in the Greenville County, South Carolina, Court of Common Pleas against A&L Underground for breach of contract, unjust enrichment, and promissory estoppel. On December 19, 2006, A&L Underground removed the action to this court.

## II. DISCUSSION OF THE LAW

A&L Underground moves to dismiss AMECO's complaint on two grounds. First, A&L Underground argues that it did not enter into a contract with AMECO. (Def.'s Mem. Supp. Mot. Dismiss 3.) A&L Underground asserts that AMECO entered into the Purchase Order with A&L International, a separate entity. Second, A&L Underground moves to dismiss on the grounds that AMECO's claims are subject to mandatory arbitration pursuant to an arbitration clause in one of the attachments to the Purchase Order. (Id. 7.) In response to A&L Underground's motion to dismiss, AMECO alleges that A&L Underground was, in fact, a party to the Purchase Order. (Pl.'s Mem. Opp'n Mot. Dismiss 6.) Additionally, AMECO alleges that the arbitration clause was merely included in a proposal made during negotiations and thus, is not a provision in the contract between the parties. (Id. 10.)

The court finds that a factual dispute exists regarding whether A&L Underground entered into a contract with AMECO, and if so, which terms were incorporated into the contract. At this stage, AMECO's allegations are sufficient to overcome A&L Underground's motion to dismiss. Therefore, A&L Underground's motion to dismiss is denied.

It is therefore

**ORDERED** that A&L Undergound's motion to dismiss, docket no. 5, is denied.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
January 24, 2007