IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| American Equipment Company, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:06-3568-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| A&L Underground, Inc. and | ) | |
| A&L International I Ltd, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on A&L International I Ltd.'s ("A&L International") motion to dismiss American Equipment Company, Inc.'s ("AMECO") complaint, or, in the alternative, to stay the instant case, for enforcement of mandatory arbitration. After review, the court denies the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

During 2005, Alex Lowe ("Lowe") contacted AMECO regarding the furnishing of certain heavy construction-related equipment, tools, and supplies to A&L Underground, Inc. ("A&L Underground") for use by A&L Underground on the PIJV Tigris River Crossing & HDD Tie-ins Project, located in Al Fatha, Iraq. (Am. Compl. ¶ 10.) During mid-2005, AMECO provided multiple written proposals to A&L Underground setting forth lists of available equipment and supplies, along with proposed terms and conditions for providing such equipment, tools, and supplies to A&L Underground. (Id. ¶ 11.) According to AMECO, on or about July 28, 2005, AMECO and A&L Underground and/or A&L International executed Purchase/Rental Order Agreement No. 743779-40065 ("Purchase

1

Order"). (Id. ¶ 12.) Pursuant to the Purchase Order, AMECO alleges that A&L Underground and/or A&L International agreed to rent and purchase certain equipment and incidental tools and supplies from AMECO. (Id.) Additionally, AMECO alleges that at the time it was executed, there were no attachments to the Purchase Order, and that subsequently five attachments were added to the Purchase Order. (Pl.'s Mem. Opp'n A&L International's Mot. Dismiss 3.) AMECO alleges that A&L Underground and/or A&L International breached their obligations under the Purchase Order.

On November 17, 2006, AMECO filed suit in the Greenville County, South Carolina, Court of Common Pleas against A&L Underground for breach of contract, unjust enrichment, and promissory estoppel. On December 19, 2006, A&L Underground removed the action to this court. On April 23, 2007, AMECO filed an amended complaint adding A&L International as a defendant. A&L International filed the instant motion on May 4, 2007.

## II. Discussion of the Law

A&L International moves to dismiss AMECO's complaint on the grounds that its claims are subject to mandatory arbitration pursuant to an arbitration clause in one of the Purchase Order attachments. (A&L International's Mem. Supp. Mot. Dismiss 5.) In response to A&L International's motion to dismiss, AMECO alleges that the arbitration clause was merely included in a proposal made during negotiations and thus, is not a provision in the contract between the parties. (Pl.'s Mem. Opp'n A&L International's Mot. Dismiss 4-5.)

The court finds that a factual dispute exists regarding which terms were incorporated into the contract between A&L International and AMECO and that additional time to complete further discovery on the issue of whether the parties entered into a binding contract for

2

arbitration is necessary. At this stage, AMECO's allegations are sufficient to overcome A&L International's motion to dismiss. Therefore, A&L International's motion to dismiss, or, in the alternative, motion for stay of case pending arbitration is denied.

It is therefore

**ORDERED** that A&L International's motion to dismiss, or, in the alternative, motion to stay the case pending arbitration, docket no. 39, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 13, 2007